[No. 41929.    Department One.    July 22, 1971.]

THE STATE OF WASHINGTON, *Respondent,* v. HAROLD LEE BAILEY, *Appellant.*

*Anthony Schwab,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *Albert A. Rinaldi, Jr., Deputy,* for respondent.

STAFFORD, J.—This is an appeal from a conviction, judgment and sentence for grand larceny.

Prior to empaneling the jury, the trial judge conducted a hearing to determine the admissibility of a written confession made by the defendant. CrR 101.20W. After the hearing, the trial judge made findings of fact on which he based the following conclusion of law:

> The court finds that both the oral and written statements of the defendant were made freely and voluntarily and after he had been advised of his rights.

Defendant has assigned no error to the trial court's findings of fact. As a result, we must accept them as the established facts of the case. ROA 1-43. He does, however, assign error to the foregoing conclusion of law.

Defendant contends the trial court should have made additional findings of fact based primarily upon testimony given by him at the preliminary hearings. Had this been done, he asserts, the additional findings of fact would have revealed the statement was obtained by "cajolery" and would have supported a different conclusion of law (*i.e.,* that the written statement was made involuntarily and, thus, was inadmissible).

Defendant's argument is based on the assertion that the trial judge should have believed *his* testimony rather than that of the other witnesses. In short, we are asked to pass on the credibility of witnesses who testified before the trial court.

■ It is clear the trial judge found it necessary to resolve a dispute of fact. The judge saw the witnesses, heard their testimony and had an opportunity to observe their demeanor on the stand. We are convinced that, after weighing the evidence, he found defendant's testimony was not entitled to credence. It is not our function to reevaluate the credibility of witnesses. The trial court's findings and conclusion are based upon substantial evidence. We will

not disturb them. *State v. Nesrallah,* 66 Wn.2d 248, 401 P.2d 968 (1965); *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968).

■ Defendant's claim of "cajolery" stems from his own testimony, given at the preliminary hearing. He declared that the only reason he gave the written statement was to obtain the name of the police informer. It is clear that he, not the police officer, initiated the subject. It is equally clear the police gave him the information they possessed.

The defendant's written statement was not induced by deception and "cajolery." It came about as a result of his own calculated attempt to learn the name of the police informer. It was done for his own purposes, some of which he declined to reveal at the hearing.

The defendant's admitted past criminal record, his expressed understanding of possible criminal charges, and the care with which he considered the type of statement in light of the possible charges, demonstrated a good understanding of his rights as well as of the legal problems involved. The defendant was anything but an inexperienced youth entangled in the toils of the law.

As we said in *State v. Huston,* 71 Wn.2d 226, 229, 428 P.2d 547 (1967):

> The present case is not one of a man who, at the time of the inquiry in question, was unaware of his absolute constitutional right to remain silent. It is undisputed that he had been so advised and he proceeded to demonstrate his understanding of that advice by speaking only to those things which he chose to speak to and by refusing to talk about other aspects of the charge.

We have reviewed the entire record. It is clear the preliminary hearing fully complied with all requirements of CrR 101.20W. The findings of fact made by the trial court adequately support the conclusion of law.

We are convinced defendant's constitutional rights were explained and that he was fully aware of them at the time he waived them. As he stated:

To start with this statement was written up voluntarily, of course, which I am not disputing the fact.

The trial court properly held the statement was made freely and voluntarily and, thus, was admissible. Defendant's assignment of error is not well taken.

The judgment is affirmed.

HAMILTON, C.J., FINLEY, HUNTER, and NEILL, JJ., concur.